STOWE ET AL. *v.* REGENSTEIN.

*Brokers — Real estate commission — Prospective purchaser introduced to owner — Second broker consummates sale — First broker cannot recover commission, when.*

A broker introducing a prospective purchaser to the owner of real estate is not entitled to recover a commission where a second agent consummated the sale by representing that he personally desired to purchase the property, thereby inducing the owner to execute in good faith a contract of sale to him, the owner having no notice, knowledge or intimation of the fact that such second agent was negotiating in behalf of the prospective purchaser of the first broker, and where upon discovery of the true situation the owner refused to deal with such prospective purchaser, declined to recognize an assignment or to convey direct to him, but executed a deed to the second agent, who in turn deeded the property to the prospective purchaser.

(Decided January 21, 1921.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. F. E. Bruml,* for plaintiff in error.

*Messrs. J. S. & L. J. Kohn,* for defendant in error.

WASHBURN, J. So far as the facts in this case are concerned there is no real dispute in the record:

John R. Stowe and wife were the owners of certain real estate. At the instance of Joseph Regenstein they employed him to find a purchaser for the property, and agreed, impliedly at least, to pay him the usual commission for his services. The price asked for the property was $10,000. Regenstein took William L. Jeffers to see the property, and the Stowes came down on the price and offered to take $9,800, but Jeffers refused to buy. Some time later, without the knowledge of either the Stowes or Regenstein, Jeffers, through Walter E. Watson, sought to purchase the property from the Stowes. Watson represented to the Stowes that he desired to purchase the property for himself, and did not disclose anything to the contrary, and the Stowes did not know anything to the contrary until after they had sold the property to Watson and entered into a binding agreement of sale. The Stowes had no knowledge that would lead them to expect or even suspicion that Watson was not purchasing the property for himself, just as he had represented he was. Their negotiations resulted in a sale of the property for $9,500, the deal being consummated by the signing of an agreement and later by delivery of the deed from the Stowes to Watson, in accordance with the agreement, and a receipt by the Stowes for the selling price of the property.

Some time after the contract was made, and while they were waiting for the abstract before finally closing up the transaction, Jeffers went to the property and the Stowes ordered him off of the premises, stating to him that they had sold the

property to Watson. When the parties met to deliver the deed Jeffers appeared with Watson, with an assignment of the contract on a separate piece of paper, and claimed that he had purchased the property from Watson, and requested that the deed be made direct to him, which the Stowes refused to do, stating that they had no dealings with him, and that they had sold the property to Watson and would carry out their agreement with him. They refused to have anything whatever to do with Jeffers, whereupon Watson closed the deal and took the deed, and later conveyed the property to Jeffers.

The Stowes did not then know that Watson had bought the property for Jeffers, but at the trial of this case Watson testified that he did not buy the property for himself and then sell it to Jeffers, but that he bought it for Jeffers, stating that he concealed such facts from the Stowes and misrepresented the real facts to them.

Regenstein brought this action in the municipal court of Cleveland against the Stowes to recover his commission, alleging in the statement of claim that the Stowes agreed to pay him a compensation equal to 3 per cent of the selling price of the premises. He offered no testimony to prove that allegation. However, under the admissions and pleadings, it is apparent that the Stowes impliedly agreed to pay for such services the reasonable value of the same, which would be the usual commission; but there was no evidence offered as to the value of the services or the usual commission paid for such services.

Regenstein, in setting forth his cause of action, alleged that the Stowes knew that Watson was purchasing for Jeffers, and that the conveyance was made to Watson to defraud Regenstein of his commission.

As has been said, there was no evidence tending to prove this charge, but on the contrary the evidence overwhelmingly established that it was not true. Notwithstanding the fact that there was no proof of an express agreement to pay a stipulated compensation, and no proof of the value of the services rendered, and notwithstanding the fact that the Stowes were not guilty of any fraud, but acted in the utmost good faith, Regenstein recovered a judgment in the municipal court on the law as announced by the court of appeals of this district in the case of *Wangerein* v. *King et al.*, decided March 2, 1914, in which it was held:

"That a real estate agent is entitled to his commission when he finds a customer to whom the owner sells the property, though the owner, by reason of the fault of the purchaser and of another real estate agent who conspires with the purchaser, is induced to deed the property to a third person, who takes title for the real purchaser, and the owner at the time does not know that he is really selling to the customer of the first agent."

We have examined this case and disapprove of the statement of the law as there made. We hold that the law is as announced by this court in a later decision, that in the case of *Brown* v. *Hayes, No. 2778,* of this court of appeals, decided January 30, 1920.

Our conclusion is in full accord with a very recent decision of the supreme court of Connecticut, the same being *Ritch* v. *Robertson,* 93 Conn., 459; 106 Atl. Rep., 509; 7 A. L. R., 81.

The facts in the Connecticut supreme court case are very similar to the facts in the case at bar, and there is a very complete exposition of the law in reference thereto. Having stated our views to the same effect in *Brown* v. *Hayes, supra,* we do not deem it necessary to restate the same, but we refer counsel to above cases.

Our holding is that under the record in this case Regenstein was not entitled to his commission, and the judgment of the municipal court being contrary to law the same is reversed.

*Judgment reversed.*

VICKERY and DUNLAP, JJ., concur.